IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 19-00654-CV-W-GAF |
| JERRY BROWN, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Plaintiff Endurance American Specialty Insurance Company's ("Plaintiff" or "Endurance") Motion for Summary Judgment on Count I against Defendant Jerry Brown. (Doc. # 55). None of the defendants, including Brown, filed a response to the Motion or the Order to Show Cause dated June 25, 2020. (*See* Docket Sheet).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate if the evidence, viewed in the light most favorable to the [nonmovant] and giving [the nonmovant] the benefit of all reasonable inferences, shows there are no genuine issues of material fact and [the movant] is entitled to judgment as a matter of law." *Price v. N. States Power Co.*, 664 F.3d 1186, 1191 (8th Cir. 2011). "Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact." *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Essentially, parties resisting a motion for summary judgment must support their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles Cty.*, 23 F.3d 1410,

1

1412 (8th Cir. 1994) (first alteration in original) (quoting *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid a summary judgment." *Id.* Summary judgment should not be granted if a reasonable jury could find for the nonmoving party. *Woodsmith Publ'g Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Plaintiff issued a liability insurance policy to Defendant Lake Rat, LLC d/b/a Captain's Sports Lounge ("Captain's"), policy number CBP20001698500, in effect between October 21, 2016 and October 21, 2017 (the "Policy"). (Doc. # 1-3). The Policy's named insured, Captain's, is a limited liability company ("LLC"). (Doc. # 1, ¶ 31; Doc. # 10, ¶ 31). The Policy includes the following language under Section II – WHO IS AN INSURED:

> 1. If you are designated in the Declarations as:
> \*   \*   \*
> c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
> \*   \*   \*
> 2. Each of the following is also an insured:
>
> a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than . . . your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

(Doc. # 1-3, p. 26). Neither Defendant Keith Dickey ("Keith") nor Defendant David D. Dickey ("David") were members, managers, or employees of Captain's, the insured LLC, at any relevant time. (Doc. # 1, ¶¶ 32-33, 35-36, 41, 43; Doc. # 10, ¶¶ 32-33, 35-36, 41, 43).

On July 25, 2018, Brown initiated the underlying lawsuit against Defendants Keith Dickey ("Keith"), David D. Dickey ("David"), and Lake Rat, LLC d/b/a Captain's Sports Lounge ("Captain's") (collectively, the "underlying defendants") in the Circuit Court of Jackson County,

2

Case 4:19-cv-00654-GAF   Document 61   Filed 10/06/20   Page 2 of 3

Missouri, Case No. 1816-CV18959 (the "underlying lawsuit").  (Doc. # 1-2).  Brown alleged Captain's knowingly served Keith several intoxicating liquors when he was visibly intoxicated on August 10, 2017.  (*Id.* at ¶ 8).  Later that evening, Keith operated a vehicle owned by David while intoxicated and struck the vehicle operated by Brown, resulting in injuries to Brown.  (*Id.* at ¶¶ 10-15).  The underlying lawsuit does not allege either Keith's or David's liability to Brown arises from conducting Captain's, as the named insured, business.  (Doc. # 1-2; Doc. # 1, ¶¶ 38-39; Doc. # 10, ¶¶ 38-39).  Nor does the underlying lawsuit allege either Keith or David were volunteer workers of Captain's.  (Doc. # 1-2).

Under general contract principals, neither Keith nor David are "insureds" of the Policy.  As such, the Policy cannot cover their potential liability in the underlying lawsuit to Brown and Plaintiff has no duty to defend (or indemnify) them in the underlying lawsuit.  Accordingly, Plaintiff's Motion for Summary Judgment on Count I against Defendant Jerry Brown is GRANTED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED:  October 6, 2020